United States District Court
Southern District of Texas
**ENTERED**
March 20, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. H-17-062 |
| | § | |
| BRANDON REECE | § | |

ORDER OF DETENTION PENDING TRIAL

    In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the Government moved for detention pending trial and the Defendant waived his right to a detention hearing. That waiver of detention hearing is entered in the record as Dkt. No. 10 . I conclude that the following facts are established by a preponderance of the evidence or clear and convincing evidence and require the detention of the above-named defendant pending trial in this case.

Findings of Fact

[ ] A. Findings of Fact [18 U.S.C. § 3142(e), § 3142(f)(1)].

    [ ] (1)     The defendant has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

        [ ]     a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

        [ ]     an offense for which the maximum sentence is life imprisonment or death.

        [ ]     an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

        [ ]     a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

    [ ] (2)     The offense described in finding 1 was committed while the defendant was on release pending trial for a federal, state or local offense.

    [ ] (3)     A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding 1.

[ ] (4)  Findings Nos. 1, 2, and 3 establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community.  I further find that the defendant has not rebutted this presumption.

[ ]   B.   Findings of Fact [18 U.S.C. § 3142(e)]

[ ] (1)  There is probable cause to believe that the defendant has committed an offense

   [ ]   for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C.
   ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

   [ ]   under 18 U.S.C. § 924(c).

[ ] (2)  The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

[X]   C.   Findings of Fact [18 U.S.C. § 3142(f)(2)]

[X] (1)  Defendant is accused of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922 and 924.

[X] (2)  There is a serious risk that the defendant will flee.

[X] (3)  Defendant represents a danger to the community.

[ ] (4)  There is a serious risk that the defendant will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate a prospective witness or juror, or attempt to do so).

[X]   D.   Findings of Fact [18 U.S.C. § 3142(c)]

[ ] (1)  As a condition of release of the defendant, bond was set as follows:

[ ] (2)

[X] (3)  I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the appearance of the defendant as required.

[X] (4)  I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the safety of any other person or the community.

Written Statement of Reasons for Detention

I find that the accusations in the indictment and the information submitted in the Pretrial Services Agency report establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and by clear and convincing evidence that no conditions will assure the safety of the community.

I conclude that the following factors specified in 18 U.S.C. § 3142(g) are present and are to be taken into account:

1. Defendant is a 32-year old U.S. citizen who is a lifelong resident of Houston, Texas. Defendant stated he has been in the custody of Harris County Jail for the past two months. He is the only child born to his month and father. Defendant's parents live in Houston, but he has little contact with his father. He is unmarried, but in a three-year relationship. He has no children, but Defendant and his girlfriend are expecting a child later this year.

2. Defendant has not been gainfully employed, as he has been in custody. He has been unable to secure a job because he lost his identification card and social security card. Unable to secure gainful employment, Defendant took on odd jobs as a means of income.

3. Defendant is presently accused of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922 and 924.

4. Defendant's lengthy criminal history includes convictions for theft of property, possession of marijuana (twice), possession of a controlled substance (thrice), and manufacture delivery of a controlled substance. He has had a bond revoked. He currently faces a charge of being a felon in possession of a weapon and manufacture delivery of a controlled substance.

5. There is no condition or combination of conditions of release which would assure the appearance of the defendant in court or the safety of the community. Detention is ordered.

Directions Regarding Detention

It is therefore ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United

States Marshal for the purpose of an appearance in connection with all court proceedings.

    Signed at Houston, Texas on March 13, 2017.

                                                               Stephen Wm Smith
                                                            United States Magistrate Judge